UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-CV-82143-RUIZ/MAYNARD

ANTHONY LUCE,

    Plaintiff,

v.

LVNV FUNDING LLC,

    Defendant.

_____/

## REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(1) (DE 27)

**THIS CAUSE** comes before me on Defendant's Motion to Dismiss (DE 27). Plaintiff filed a Response (DE 29), and Defendant filed a Reply (DE 30-1). Pursuant to 28 U.S.C. § 636(b)(1)(A) and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, the Motion to Dismiss was referred to me to take all action as required by law. DE 36. I held an evidentiary hearing on December 13, 2022. DE 49. For the reasons stated herein, I respectfully recommend that Defendant's Motion to Dismiss be **GRANTED**.

### BACKGROUND[1]

Several years ago, Plaintiff opened, used, and eventually defaulted on a Credit One Bank, N.A. credit card account (the "Account"). DE 33 at 3. The amount of the default was $597. DE 1 at ¶6. Eventually, Credit One Bank, N.A. charged off and sold the Account. DE 33 at 3. Defendant LVNV Funding, LLC acquired the Account and RCS serviced the Account for LVNV. *Id.* Beginning on or around April 14, 2020, Plaintiff began disputing the Account, claiming it was not his. *Id.* Following its receipt of Plaintiff's first dispute, RCS, on LVNV's behalf, began

---

[1] The following background facts are taken from the Joint Pre-Trial Stipulation (DE 33) and the Complaint (DE 1).

notifying the credit reporting agencies of Plaintiff's dispute of the Account. On August 21, 2021, Plaintiff's representative, Credit Repair Lawyers of America, sent LVNV a letter indicating that Plaintiff no longer disputed the Account and asking that the dispute comment on the Account be removed. *Id*.; DE 1 at ¶10. RCS, on LVNV's behalf, continued to notify the credit reporting agencies of Plaintiff's dispute of the Account after its receipt of the August 26, 2021 letter. DE 33 at 3.

On November 30, 2021, Plaintiff filed a single count lawsuit alleging that Defendant violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e, *et. seq*. The Complaint alleges that Defendant violated § 1692e(2)(A), which prohibits falsely representing the character, amount, or legal status of any debt, by continuing to report the Account as disputed after being informed Plaintiff was no longer disputing it. DE 1 at ¶22.a. It also alleges that Defendant violated § 1692e(8), which prohibits knowingly reporting false credit information, by failing to remove the dispute notation from the Account after being asked to do so. *Id*. at ¶22.b. Plaintiff claims he suffered economic damage and emotional distress because of Defendant's violations. *Id*. at ¶¶24-26. Plaintiff seeks actual damages, costs, interest, and attorneys' fees. *Id*. at 5.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of a complaint for lack of subject matter jurisdiction. A court lacks subject matter jurisdiction where a plaintiff fails to establish the "irreducible constitutional minimum" of standing. *See Spokeo Inc. v. Robins*, 578 U.S. 330, 338-39 (2016); *Duty Free Ams., Inc. v. Estee Lauder Cos.*, 797 F.3d 1248, 1271 (11th Cir. 2015) (standing "implicates [a court's] subject matter jurisdiction, and accordingly must be addressed as a threshold matter").

A defendant can make either a facial or a factual challenge to a plaintiff's standing. "A facial attack on the complaint 'require[s] the court merely to look and see if [the] plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purpose of the motion." *McElmurray v. Consol. Gov't of Augusta-Richmond, Cnty*, 501 F.3d 1244, 1251 (11th Cir. 2007) (*quoting Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)). "Factual attacks, on the other hand, challenge 'the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits are considered.'" *Id.*, 501 F.3d at 1251. "[T]he trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Streib v. United States*, 2013 WL 4401036, at *2 (S.D. Fla. Aug. 12, 2013) (*quoting Lawrence*, 919 F.2d at 1529). "[N]o presumptive truthfulness attaches to a plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id*. In short, "when a party mounts a factual attack, a district court is free to independently weigh facts, and may proceed as it never could under 12(b)(6) or Fed. R. Civ. P. 56." *Int'l Broth. of Teamsters v. Amerijet Int'l, Inc.*, 932 F. Supp.2d 1336, 1343 (S.D. Fla. 2013) (*quoting Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003)).

## DISCUSSION

Defendant moves for dismissal of Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) on the grounds that Plaintiff lacks standing to sue under the FDCPA. Because Defendant raises a factual challenge to Plaintiff's standing, I consider extrinsic evidence such as testimony, exhibits, and affidavits. *See Morrison v. Amway Corp.*, 323 F.3d 920, 925 n. 5 (11th Cir. 2003) (*citing Lawrence v. Dunbar*, 919 F.2d 1525, 1528-29 (11th Cir. 1990)).

### A. Article III Standing

Article III of the Constitution limits federal jurisdiction to "Cases" or "Controversies." U.S. Const. art. III, § 2. Standing is an "essential component" of the case-or-controversy requirement. *Corbett v. Transp. Sec. Admin.*, 930 F.3d 1225, 1232 (11th Cir. 2019). It implicates "the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498 (1975). To establish standing under Article III, a plaintiff must show that he has suffered an "injury in fact," that is fairly traceable to the defendant's conduct, and that a favorable decision is likely to remedy the injury or compensate him for it. *Trichell v. Midland Credit Mgt., Inc.*, 964 F.3d 990, 990 (11th Cir. 2020); *see also Spokeo*, 578 U.S. at 338. As the party invoking federal jurisdiction, the plaintiff bears the burden of establishing these elements. *Spokeo*, 578 U.S. at 338.

The focus in this case is on the injury in fact and causation requirements. "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 578 U.S. at 339 (*quoting Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992)). "Each subsidiary element of injury – a legally protected interest, concreteness, particularization, and imminence – must be satisfied." *Trichell*, 964 F.3d at 996-97 (*citing Spokeo*, 136 S. Ct. at 1525; *Lujan*, 504 U.S. at 560). A plaintiff cannot establish constitutional standing based solely on the defendant's bare violation of a statute. *Toste v. Beach Club at Fontainbleau Park Condominium Association, Inc.*, 2022 WL 4091738, *3 (11th Cir. September 7, 2022) (unpublished) (*quoting Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 920, 927 (11th Cir. 2020) (en banc)). Rather, he must show "the violation caused him some real harm – and in this context 'very nearly any level of direct injury is sufficient to show a concrete harm.'" *Id.*; *see Salcedo v. Hanna*, 936 F.3d 1162, 1167 (11th Cir. 2019) ("A concrete injury need be only an

4

'identifiable trifle.'") (*quoting United States v. Students Challenging Regulations Agency Procs. (SCRAP)*, 412 U.S. 669, 689 n. 14 (1973)). "Allegations of FDCPA violations, without more, are insufficient to establish standing." *Preisler v. Eastpoint Recovery Group, Inc.*, 2021 WL 2110794 (S.D. Fla. May 25, 2021) (Ruiz, J.).

To demonstrate traceability, a plaintiff must show "a causal connection" between the acts or omissions of the defendant and the injury. *Focus on the Fam. v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1273 (11th Cir. 2003). "Traceability is less stringent than proximate cause;" therefore, an injury that is indirectly caused by a defendant will satisfy the "fairly traceable" requirement. *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1271 (11th Cir. 2019). Even so, if the injury is caused by a third party not before the court, traceability is not satisfied. *Id.* (citing *Lujan*, 504 U.S. at 560). Similarly, traceability is not satisfied where a plaintiff independently causes his own injury. *Id.*

### B. Plaintiff Lacks Article III Standing

Defendant argues that Plaintiff fails to prove any concrete injury in fact caused by Defendant's conduct. Plaintiff responds that he has suffered two concrete injuries – economic harm and emotional distress. Plaintiff says he suffered economic injury because "he is not eligible for conventional mortgage financing or refinancing" due to Defendant's failure to accurately report that he no longer disputes the Account. DE 1 at ¶13. Plaintiff claims he was unable to obtain a mortgage while rates were at historic lows "due to Defendant's failures to remove the dispute notation." *Id*. He claims his "credit report continues to be damaged" due to the dispute notation, which "creates a false impression regarding the Plaintiff's credit." *Id*. at ¶ 24. Plaintiff also says he has suffered emotional distress injury. He experiences "anxiety, embarrassment, humiliation, and stress" from Defendant's failure to remove the dispute notation. DE 1 at ¶¶ 25-26.

I agree with Defendant that Plaintiff fails to establish an injury in fact sufficient to confer standing. I also find that Plaintiff fails to sufficiently allege traceability. I address each of Plaintiff's damages in turn.

### 1. Plaintiff's Claim of Economic Injury Does Not Establish Article III Standing

Plaintiff has not established that he suffered an economic injury in fact. In his Complaint and written responses to discovery, Plaintiff said he tried and was unable to obtain a mortgage, but Plaintiff's deposition testimony clarifies that he never actually applied for a mortgage and no lender ever actually turned him down. DE 27-1 at 53-54. In his deposition, Plaintiff explains that he and his wife *attempted* to apply for a mortgage through a mortgage broker, but the broker declined to submit their application to any lender until the dispute notation on the $597 debt was removed. *Id.* at 42-43, 48, 51-54. Plaintiff said the broker stated that no lender would approve a mortgage for them with the dispute notation on Plaintiff's credit report. *Id.* at 53-54.

Plaintiff fails, however, to offer any proof that he could not obtain a mortgage. Plaintiff offers no affidavit or deposition testimony from the broker in question. He offers no correspondence or business records from said broker showing why he refused to proceed with Plaintiff's mortgage application. Plaintiff does not even recall receiving any correspondence from the broker or speaking to the broker himself. *Id.* at 52-54. Plaintiff testified that the broker spoke to Plaintiff's wife, who conveyed to Plaintiff the reasons the broker would not proceed. *Id.* at 52-53. Plaintiff's wife also has not submitted an affidavit and was not deposed. Moreover, neither the broker nor Plaintiff's wife are listed as witnesses for trial on the parties' Joint Pretrial Stipulation. DE 33. The only trial witnesses listed are Plaintiff and Defendant's corporate representative, neither of whom can testify to this unsubstantiated hearsay testimony. *Id.* General allegations of injury resulting from the defendant's conduct may be sufficient to show standing

6

when standing is facially challenged. But here, Defendant has brought a factual attack after discovery is complete and the parties are preparing for trial. A factual attack challenges the existence of subject matter jurisdiction irrespective of the pleadings. *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221 (2021). At this stage of the case, plaintiff cannot rest on mere allegations but must offer competent proof. He must establish standing by affidavit, testimony, or other evidence of specific facts so the district court can weigh the evidence and "satisfy itself as to the existence of its power to hear the case." *Lawrence*, 919 F.2d at 1529. He has not done so.

Even if Plaintiff had proven that a mortgage broker declined to proceed with his mortgage application, he has not shown it was *because of* the dispute notation, and not for other reasons. Other than his unsupported, conclusory allegations, Plaintiff has not produced any evidence establishing the effect of a dispute notion on creditworthiness or obtaining a mortgage. Indeed, the evidence of record suggests Plaintiff has applied for and obtained numerous loans and lines of credit even with the dispute notation on his credit report.[2] Plaintiff is not qualified to testify about the impact of a dispute notation and offers no expert testimony in this regard. Thus, Plaintiff has not shown his economic injury, if any, is traceable to Defendant's conduct. Accordingly, Plaintiff has failed to establish standing based on economic harm.

### 2. Plaintiff's Claim of Emotional Distress Does Not Establish Article III Standing

The Eleventh Circuit "ha[s] not yet decided in a published opinion whether emotional distress alone is a sufficiently concrete injury for standing purposes." *Toste v. Beach Club at Fontainebleau Park Condo. Ass'n, Inc.*, No. 21-14348, 2022 WL 4091738, at *4 (11th Cir. Sept.

---

[2] Within a month of filing this lawsuit, Plaintiff purchased and financed a brand-new Volkswagen SUV for his wife. *See* 27-1 at 60-61. Volkswagen Financial approved him for a loan with a 1% interest rate. *Id*. at 61-62. In July 2022, Plaintiff purchased a brand-new 2021 Mercedes GLB 250 from Mercedes of Palm Beach. *Id*. at 57-58. Plaintiff financed this purchase through iThink Financial with an interest rate of 5.99 %, which was the lowest interest rate available. *Id*. at 58. Plaintiff had no difficulty getting approved for this loan. *Id*. Within the last year, Plaintiff has applied for and was approved for several credit cards from American Express, CitiBank, and Discover. *Id*. at 64, 66-67. Indeed, American Express approved Plaintiff for a "gold" card with no credit limit. *Id*. at 66.

7, 2022) (addressing standing for FDCPA violations). In the FDCPA context, courts in the Southern District of Florida are split on whether emotional harms arising from alleged violations of the FDCPA establish standing. In *Preisler v. Eastpoint Recovery Grp., Inc.*, the Honorable Rodolfo A. Ruiz applied Eleventh Circuit case law to a plaintiff's claim of concrete harm based on confusion, distress, and anxiety arising from communications that allegedly violated the FDCPA. 2021 WL 2110794, at *5 (S.D. Fla. May 15, 2021) (*citing Trichell,* 964 F.3d at 1004). Judge Ruiz concluded that the plaintiff's receipt of a misleading letter "without a claim of concrete 'downstream consequences' from said receipt is simply insufficient to confer standing[.]" Id. at *5. (*quoting Trichell*, 964 F.3d at 1004). Judge Ruiz also found that the plaintiff could not "rely solely on his feelings of distress, confusion, or anxiety to fabricate concrete injury [because] [s]uch conjectural harms 'cannot satisfy Article III.'" *Id*. (citations omitted). In *Rivera v. Dove Inv. Corp.*, however, the Honorable Jose E. Martinez concluded that emotional distress damages are sufficiently concrete to establish standing for FDCPA claims. 2020 WL 6266054, at *3 (S.D. Fla. Oct. 23, 2020). Judge Martinez based his decision on "the Eleventh Circuit's determination that '[a]ctual damages under the FDCPA include damages for emotional distress.'" *Id*. (*citing Minnifield v. Johnson & Freedman, LLC*, 448 F. App'x 914, 916 (11th Cir. 2011)); *see also* 15 U.S.C. § 1692k(a)(1) (plaintiffs may recover "any actual damage sustained" from an FDCPA violation).

I respectfully disagree with the reasoning in *Rivera* based on the Eleventh Circuit's holding in *Trichell*, which articulated a critical difference between injury under Article III and statutory damages:

> [T]he Supreme Court has insisted time and again, "Congress' role in identifying and elevating intangible harms does not mean that a plaintiff automatically satisfies the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Spokeo*, 578

> U.S. at 341 [(additional citations omitted)]. On the contrary, the existence of a "cause of action does not affect the Article III standing analysis." *Thole v. U.S. Bank N.A.*, 140 S. Ct. 1615, 1620 (2020). "Article III standing requires a concrete injury even in the context of a statutory violation," *Spokeo*, 578 U.S. at 341, and Article III courts – while exercising jurisdiction to determine their own jurisdiction – must ultimately decide what injuries qualify as concrete. Congress's judgment may inform that assessment but cannot control it.
> 
> …
> 
> [W]hile a recipient may take offense that a private party has violated the FDCPA, that is akin to taking offense that the government has violated other statutes – an injury that is canonically abstract as opposed to concrete. *See, e.g. Lujan*, 504 U.S. at 575-76; *Allen v. Wright*, 468 U.S. 737, 754 (1984).
> 
> The FDCPA's private cause of action reinforces this analysis. It provides that a person may recover "any actual damages sustained by such person as a result of" an FDCPA violation and "such additional damages as the court may allow." 15 U.S.C. § 1692k(a). **This formulation suggests that Congress viewed statutory damages not as an independent font of standing for plaintiffs without traditional injuries, but as an "additional" remedy for plaintiffs suffering "actual damage" caused by a statutory violation.**

964 F.3d at 999-1000 (internal citations reformatted) (emphasis added). In other words, Article III standing does not exist simply because the FDCPA provides for statutory damages. A court must still determine whether a litigant suffered a concrete and particularized injury that meets Article III requirements. Consequently, I will not follow *Rivera*, which relied on damage categories under the FDCPA to determine article III standing. 2020 WL 6266054 at *3.

In addition, Judge Ruiz is the presiding judge in this case, so his decision in *Preisler* will guide the outcome here. With respect to emotional distress, Plaintiff alleges only that,

> [a]s a result of Defendant's inaccurate reporting, Plaintiff has suffered stress, anxiety, frustration, worry, anger, and other forms of emotional distress. Plaintiff's anxiety has caused him to be short tempered with his wife at times. Further, Plaintiff's worry has caused him to have trouble concentrating at work and every night he has problems falling asleep due to worry.

DE 27-2 at 5-6.[3]   Without more, Plaintiff's statements that he feels stress, worry, anxiety, frustration, and anger because Defendant failed to remove the dispute notation is not sufficiently concrete and particularized to establish Article III standing. *Preisler*, 2021 WL 2110794, at *5 (stating that plaintiff cannot rely only on "feelings of distress, confusion, or anxiety" to satisfy Article III standing); *see also Crowder v. Andreu, Palma, Lavin & Solis, PLLC*, No. 2:19-CV-820-SPC-NPM, 2021 WL 1338767, at *3 (M.D. Fla. Apr. 9, 2021) (finding that plaintiff submitted insufficient evidence to support her claims of emotional distress for standing purposes under the FDCPA). Again, while generalized allegations may be enough at the pleading stage, they are insufficient once discovery has closed and dispositive motions are due. By summary judgment time, "courts up the ante to stay in the game." *Crowder*, 2021 WL 1338767, at *3. Otherwise, "any FDCPA plaintiff sharp enough to utter" words such as stress, anxiety, frustration, and worry could overcome limitations on standing automatically. *Crowder*, 2021 WL 1338767, at *5-6; *see also In re Campbell*, 553 B.R. 448, 455 (Bankr. M.D. Ala. 2016) (finding a plaintiff's testimony about worry and lost sleep failed to "satisfy the Eleventh Circuit's standard for proving emotional distress damages").

Plaintiff also fails to prove any distress he experienced is traceable to the actions of Defendant. Plaintiff may have been distressed because a broker declined to proceed with his mortgage application, but he has not proved Defendant's dispute notation was the sole or even primary reason for the broker's decision. Several of Plaintiff's statements at the deposition suggest there may have been multiple issues with Plaintiff's credit. For example, Plaintiff testified as follows:

---

[3] Plaintiff has not sought or received any medical or psychiatric treatment or therapy for these issues. DE 27-1 at 69-71. He has not been hospitalized, has not missed any work, and has not had any disciplinary issues at work because of these emotions. *Id.*

> Q: [W]hat ultimately happened with [the mortgage] process? …
>
> A: The mortgage broker said he didn't want to continue due to, you know, **stuff on the credit report.**
>
> Q: Okay.  So he instructed you, you need to clean up **some issues** on your credit report?
>
> A: Yes.
>
> Q: And that's what really you're hoping to do through the lawsuit is clear up **some issues** on your credit report?
>
> A: **Some**, yeah.

DE 27-1 at 42:22-43:10 (emphasis added).  Later in the deposition Plaintiff testified:

> Q: Okay.  So who told you that you would need to remove the dispute comment to obtain this mortgage?
>
> A: The [broker].  He told my wife that **that was one of the things** on my credit that needs to get taken care of.

DE 27-1 at 53:1-54:2 (emphasis added).  Plaintiff also testified that he found Credit Repair Lawyers of America through an Internet search because he "was trying to get my **inaccuracies** on my credit taken off."  DE 27-1 at 21:23-22:8 (emphasis added).  Although Plaintiff also testified that he did not "recall anything else being on" his credit report, certain aspects of Plaintiff's testimony suggest there were issues (plural) with his credit and Plaintiff has not submitted as evidence a copy of his credit report during the relevant time period to show one way or the other.  In *Preisler*, Judge Ruiz held that any fear the plaintiff experienced did not result from the letter he received, but from his own default on his debt and concern over the consequences.  Similarly here, Plaintiff has not proved his distress was due to the notation not being removed rather than other factors pertaining to his credit, including Plaintiff's own conduct in managing his financial affairs.

      I scheduled an evidentiary hearing to give Plaintiff "ample opportunity to present evidence bearing on the existence of jurisdiction."  *Colonia Pipeline Co. v. Collins*, 921 F.2d 1237, 1243

(11th Cir. 1991). Despite this additional opportunity to establish his standing to sue, no broker and/or expert appeared to testify, Plaintiff's wife did not appear, and no admissible evidence was offered to substantiate Plaintiff's unsupported claims. Instead, Plaintiff responded that on a motion to dismiss a court "must accept as true all material allegations of the complaint." DE 29 at 5. Plaintiff cites an incorrect legal standard. As set forth above, Defendant mounts a factual challenge to Plaintiff's standing to bring this case and Plaintiff must set forth facts demonstrating standing "by affidavit or other evidence." *Bischoff v. Osceola Cnty., Fla.*, 222 F.3d 874, 878 (11th Cir. 2000) (citations omitted). Plaintiff has not done so. Because Plaintiff fails to show he suffered a concrete injury as a result of Defendant's alleged FDCPA violations, I conclude that he lacks standing and his case should be dismissed.

## CONCLUSION

Accordingly, I respectfully **RECOMMEND** that Defendant's Motion to Dismiss (DE 27) be **GRANTED** and that the Complaint be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

## NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Rodolfo A. Ruiz, II. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.

**DONE AND RECOMMENDED** in Chambers at Fort Pierce, Florida, this 18th day of January, 2023.

_____
SHANIEK MILLS MAYNARD
U.S. MAGISTRATE JUDGE