**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 21-CV-82143-RAR**

**ANTHONY LUCE**,

      Plaintiff,

v.

**LVNV FUNDING LLC,**

      Defendant.

_____/

### ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION AND GRANTING MOTION TO DISMISS

**THIS CAUSE** comes before the Court upon United States Magistrate Judge Maynard's Report and Recommendation, [ECF No. 50] ("Report"), filed on January 18, 2023.  The Report recommends that the Court grant Defendant LVNV Funding, LLC's Motion to Dismiss, [ECF No. 27].  *See* Report at 1.  The Report properly notified Plaintiff of his right to object to Magistrate Judge Maynard's findings.  *Id.* at 12.  The time for objections has passed, and there are no objections to the Report.

When a magistrate judge's "disposition" has been properly objected to, district courts must review the disposition *de novo*.  FED. R. CIV. P. 72(b)(3).  When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  FED. R. CIV. P. 72 advisory committee's note to 1983 addition (citation omitted).  Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate[] [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party

objects to those findings." (emphasis in original; alterations added)).  In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings."  *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

Because there are no objections to the Report, the Court did not conduct a *de novo* review. Rather, the Court reviewed the Report for clear error.  The Court notes that Magistrate Judge Maynard complied with the correct standard for adjudicating a Rule 12(b)(1) factual attack on subject matter jurisdiction at the motion to dismiss stage.  *See Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990).  After affording the parties an evidentiary hearing, Magistrate Judge Maynard "independently weighed facts" presented by the parties "without reference to the merits of the underlying claim," and determined that the Court lacked subject matter jurisdiction to hear this dispute.  *See Morrison v. Amway Corp.*, 323 F.3d 920, 924–25 (11th Cir. 2003).  Therefore, the Court—agreeing with Magistrate Judge Maynard's well-reasoned analysis—holds that it is

**ORDERED AND ADJUDGED** as follows:

1.      The Report, [ECF No. 50], is **AFFIRMED AND ADOPTED**.

2.      Plaintiff's Motion, [ECF No. 27], is **GRANTED** and Plaintiff's Complaint, [ECF No. 1], is **DISMISSED** *without prejudice* for lack of subject matter jurisdiction.

3.      The Clerk of Court is directed to **CLOSE** this case and all pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Miami, Florida, this 2nd day of February, 2023.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**